# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,  )
                           )
            Plaintiff,     )
                           )     2:04-cr-00365-PMP-VCF
v.                         )
                           )     **O R D E R**
MIRANDA WILLIAMS,          )
                           )     (*Emergency* Motion to Suspend a Condition
                           )     of Supervised Release (#444))
            Defendant.     )
                           )

Before the court is defendant's *Emergency* Motion to Suspend A Condition of Supervised Release. (#444).

**Motion to Suspend Condition of Supervised Release**

Defendant Williams asks this court to issue an order "temporarily suspend[ing] the inpatient drug treatment condition of her supervised release until the Court can set a hearing to determine whether this condition should be modified." (#444). Defendant contends that "[d]efense counsel has spoken with the Probation Department and government counsel and they take no position on this motion." *Id.* Defendant admitted to a violation of her supervised release on October 12, 2012, and was sentenced to seven (7) months incarceration and eighteen (18) months supervised release. *Id.* As a condition of defendant Williams' release, she is required to report to the CARE program by Monday August 26, 2013, at noon. *Id.*

Defendant argues that "[t]here are unique circumstances which support the imposition of an order suspending this condition," including (1) "Ms. Williams was released from prison on May 23, 2013," and was immediately placed into a halfway house, (2) "[s]he had been in the halfway house until about two weeks ago when she was released with the approval of officials at the halfway house to home confinement to an apartment she had located for herself and her two sons," (3) defendant was tested

once a week for controlled substances, and "has NOT tested positive for any controlled substances since her release three months ago," (4) defendant has two young boys with mental health issues, (5) the two boys recently moved into the apartment with the defendant and are enrolled in school to start Monday, August 26, 2013, (6) defendant believed that "her treatment program and her release plans had also been approved by the Probation Department," (7) "[w]hile the Probation Department knows that she has received treatment and that she had been released to living on her own, it takes the position that it must still require that she return to an inpatient treatment program because this special condition is in the judgement," and (8) "[t]his misunderstanding has now created an emergency situation," as "there is no one here in Las Vegas who can take care of her sons if she is forced to report to inpatient treatment on Monday August 26, 2013 at noon." *Id.*

Defendant asks this court for an order "temporarily suspending the special condition of inpatient treatment until the above issue can be effectively addressed by the Court." *Id.* The court finds that good cause exists to temporarily suspend defendant Williams' special condition of inpatient treatment. A hearing to address modifying the condition of inpatient treatment will be held in front of the sentencing judge, the Honorable District Judge Phillip Pro, on a date and time to be set by the court.

Accordingly, and for good cause shown,

IT IS ORDERED that defendant Williams' special condition of supervised release requiring her to participate in inpatient drug treatment is suspended until the Court resolves the issue of whether this condition should be modified.

DATED this 23th day of August, 2013.

_____
**CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE**

2